# **EXHIBIT A**

## Stock Purchase Agreement

THIS AGREEMENT is made and entered on June 10, 2021 by and between, Arash Asante Bayrooti, ("Seller") and Tony Diab ("Purchaser") of B.A.T. Inc. dba Coast Processing.

WITNESSETH:

WHEREAS, the Seller is a Stockholder in BAT Inc. dba Coast Processing, who is the record owner of outstanding shares of the capital stock of BAT Inc. dba Coast Processing (hereinafter referred to as the "Corporation"), a California corporation, which has authority to sell 46 shares of capital stock at $155,000.00 par value common stock, and

WHEREAS, the Purchaser desires to purchase said stock and the Seller desires to sell said stock, upon the terms and subject to the conditions hereinafter set forth;

WHEREAS, the Purchaser will be the sole shareholder of the Corporation at the conclusion of this transaction;

NOW, THEREFORE, in consideration of the mutual covenants and Agreements contained in this Agreement, and in order to consummate the purchase and the sale of the Corporation's Stock aforementioned, it is hereby agreed as follows:

**Purchase and Sale**
Subject to the terms and conditions hereinafter set forth, at the closing of the transaction contemplated hereby, the Seller shall sell, convey, transfer, and deliver to the Purchaser certificates representing such stock, and the Purchaser shall purchase from the Seller the Corporation's Stock in consideration of the purchase price set forth in this Agreement. The certificates representing the Corporation's Stock shall be duly endorsed for transfer or accompanied by appropriate stock transfer powers duly executed in blank, in either case with signatures guaranteed in the customary fashion, and shall have all the necessary documentary transfer tax stamps affixed thereto at the expense of the Seller.

The closing of the transactions contemplated by this Agreement (the "Closing"), shall take place using an escrow agent mutually agreed upon by the parties.

**Amount and Payment of Purchase Price**
   (a) **Consideration**
As total consideration for the purchase and sale of the Corporation's Stock, pursuant to this Agreement, the Purchaser shall pay to the Seller the sum of $7,130,000, such total consideration to be referred to in this Agreement as the "Purchase Price." Other than the Lump Sum Payment, as defined herein below, the rest of the Purchase Price, as outlined, herein below, shall be paid pursuant to the terms of the Promissory Note, attached hereto as Exhibit "A" and incorporated herein by this reference.

   (b) **Payment**
The Purchase Price shall be paid as follows:

746717.1

i. The sum of $3,680,000.00 to be delivered to Seller upon Closing ("Lump Sum Payment").

ii. The sum of $460,000.00 to be delivered to Seller on or before July 1, 2021.

iii. The sum of $920,000.00 to be delivered to Seller on or before August 1, 2021.

iv. The sum of $920,000.00 to be delivered to Seller on or before September 1, 2021.

v. The sum of $1,150,000.00 to be delivered to Seller on or before October 1, 2021.

### (c) Other Consideration

Upon execution of this Agreement, Seller shall:

1. Furnish to Buyer a duly executed Guarantee from The Litigation Practice Group, attached hereto as Exhibit "B", and incorporated herein by reference.

### Non-Dissolution of the Corporation

Purchaser hereby represents and warranties that Purchaser will not dissolve or cause for the Corporation to be dissolved until the final Purchase Price is made, pursuant to the schedule herein above.

### Non-Payment of Scheduled Purchase Amounts

Should Buyer fail to make any scheduled payment as detailed above, Buyer shall be in breach and, Seller shall be entitled to take any action to recover any and all assets of Corporation, including contacting customers, attorneys and 3rd parties to mitigate their damages. Payments made up to the point of such breach shall be forfeited to Seller and not recoverable by Buyer. Further all other provisions regarding Representations and Warranties of Seller shall be void and unenforceable. Seller may take any action it deems appropriate and in its interest without regard to Buyer.

### Representations and Warranties of Seller

Seller hereby warrants and represents:

### (a) Organization and Standing

The Seller is a stockholder and record owner of the issued and outstanding shares of the capital stock of the Corporation, which is a corporation duly organized, validly existing and in good standing under the laws of the State of California and has the Corporation has the corporate power and authority to carry on its business as it is now being conducted.

### (b) Restrictions on Stock

i. The Seller is not a party to any Agreement, written or oral, creating rights in respect to the Corporation's Stock in any third person or relating to the voting of the Corporation's Stock.

ii. Seller is the lawful owner of the Stock, free and clear of all security interests, liens, encumbrances, equities and other charges.

746717.1

iii. There are no existing warrants, options, stock purchase agreements, redemption agreements, restrictions of any nature, calls or rights to subscribe of any character relating to the stock, nor are there any securities convertible into such stock.

**Representations and Warranties of Seller and Purchaser**
Seller and Purchaser hereby represent and warrant that there has been no act or omission by Seller and Purchaser which would give rise to any valid claim against any of the parties hereto for a brokerage commission, finder's fee, or other like payment in connection with the transactions contemplated hereby.

**Representations and Warranties of Purchaser**
Purchaser hereby agrees to accept liability for any and all claims by all 3rd Parties, both public and private for any and all acts or omissions both known and unknown against Corporation including customers, and governmental entities and respond diligently and appropriately as Owner of Corporation so that Purchaser accepts all liability for purposes of settlement and any regulatory responsibility. Purchaser hereby represents that as a sophisticated businessperson, they have diligently reviewed and accepted such liability for acts going back to the origination of Corporation including any pending legal or ethical issues, and any accusations of wrongdoing of any kind that may come up in the future. All Corporation liabilities shall stay affixed to Corporation and shall not be assigned, blamed or otherwise associated in any way to Sellers.

**No Other Representations and Warranties.**
Except for the representations and warranties contained herein above, none of Seller, the Corporation or any other Person has made or makes any other express or implied representation or warranty, either written or oral, on behalf of Seller or the Corporation, including any representation or warranty as to the accuracy or completeness of any information regarding the Corporation furnished or made available to Purchaser and its Representatives, management presentations or in any other form in expectation of the transactions contemplated hereby or as to the future revenue, profitability or success of the Corporation, or any representation or warranty arising from statute or otherwise in law. The Purchaser is buying the Corporation in an "as is" state and hereby agrees and acknowledges that Purchaser may be liable for past acts of the Corporation and will not seek any indemnity or file any cross-actions against the Seller, his representatives and/or affiliates for same.

**Independent Investigation.**
Purchaser has conducted its own independent investigation, review and analysis of the business, results of operations, prospects, condition (financial or otherwise) or assets of the Corporation and acknowledges that it has been provided adequate access to the personnel, properties, assets, premises, books and records, and other documents and data of Seller and the Company for such purpose. Buyer acknowledges and agrees that: (a) in making its decision to enter into this Agreement and to consummate the transactions contemplated hereby, Purchaser has relied solely upon its own investigation and the express representations and warranties of Seller set forth herein; and (b) none of Seller, the Corporation or any other Person has made any representation or warranty as to Seller, the Corporation or this Agreement, except as expressly set forth herein.

746717.1

**Designation of New Ownership and Confidentiality of Former Owners**
Should the subject matter of ownership of Corporation be raised by any entity, either public or private, Buyer hereby obligate themselves to clearly state they are exclusively the "Owner" of Corporation and any attempt to associate Sellers with Ownership after Closing shall be a material breach of this agreement. If asked about former owners, Buyers shall make only the representation that they are now owners without utilizing the names, either corporate or individual, of former owners. Once Agreement is signed, identity of former owners shall become confidential and not subject to voluntary disclosure to any party.

**Sufficiency of Funds.**
Purchaser has sufficient cash on hand or other sources of immediately available funds to enable it to make payment of the Purchase Price and consummate the transactions contemplated by this Agreement.

**General Provisions**

**(a) Entire Agreement**
This Agreement (including any written amendments hereof executed by the parties) constitutes the entire Agreement and supersedes all prior agreements and understandings, oral and written, between the parties hereto with respect to the subject matter hereof.

**(b) Sections and Other Headings**
The section and other headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

**(c) Confidentiality and Non-Disparagement**
The Parties agree that the terms and conditions of this Agreement are confidential and shall not be disclosed to any third party at any time, and that they shall use their best efforts to maintain the confidential nature of this Agreement. Disclosure of the terms and conditions shall only occur if enforcement of the Agreement is necessary or upon a court order compelling disclosure. In the event that any Party is subpoenaed or otherwise compelled by court order to provide information that would violate this provision, that Party shall send a written notice to the other Party at the address set forth in Section 21 before responding to such request to afford the other Party the opportunity to assert any objection they may have.

The Parties agree that no Party nor any employee, agent, or someone acting at their direction will, at any time after the Effective Date, through any medium, either orally or in writing, including, but not limited to, electronic mail, television or radio, Internet bulletin boards, social media, or any other form of communication, disparage the other or cause or tend to cause the recipient of a communication to question the good character or professionalism of the Parties or their current or former employees, officers, directors, shareholders, members, affiliates, agents, managers, consultants, divisions, subsidiaries, predecessors, successors, assigns, partners, administrators, executors, principals, attorneys, insurers, and/or representatives.

746717.1

The Parties agree that confidentiality and non-disparagement are material terms of this Agreement that form the basis of the agreed sale price. A breach of this term of the Agreement is a material breach of the Agreement and shall constitute a release of any further obligation Purchaser to remit payment.

**(d) Cease and Desist**
Upon consummation of this Agreement, Seller agrees to cease and desist all communication regarding BAT Inc. dba Coast Processing, The Litigation Practice Group PC, Sonoma County Law, Diab Law, Daniel S. March, and Tony M. Diab with employees, agents, officers, directors, contractors, vendors, or affiliates of the Corporation for a period of one (1) calendar year from the date of execution of this Agreement. If communication is initiated to Seller by any individual identified above, Seller is to state: "I am no longer associated with Coast Processing, please direct any question to The Litigation Practice Group at 949-715-0648" or a statement to this effect. This term is a material term that had an appreciable effect on the price Purchaser agreed to pay to Seller. Additionally, Buyer agrees to anti-disparagement of Sellers in any manner and shall not speak of their previous involvement other than if asked to say they are not owners of Corporation, which shall apply to customers, other attorneys, employees and any 3rd parties. There shall be one exception to this paragraph: that seller may communicate with Mostafa Joharifard regarding fiscal year 2020 tax returns for The Litigation Practice Group PC and BAT Inc. dba Coast Processing.

Notwithstanding anything herein, any alleged or actual violation of this section (d) herein above, does not excuse the payments pursuant to the Promissory Note, attached hereto and incorporated herein by reference.

**(e) Release of All Interest**
Seller agrees that in relinquishing its interest in the Corporation, it is relinquishing its interest in the entire accounts receivable of the Corporation, all entities associated with or affiliated with the Corporation, all bank accounts of the Corporation, all rights to payment from the Corporation or related or affiliated entities, all decision-making authority for the Corporation, and all investments of the Corporation.

**(f) Indemnification**
Purchaser agrees to indemnify and hold Seller harmless from any claim, known or unknown, that has arisen or might arise against Seller in connection with the Corporation or its past, current, or future operation. This indemnification extends to all legal fees incurred in connection with the defense of such claim, and all liability that may arise from such claim, without limitation. Purchaser agrees to bear this indemnification in his individual capacity, and on behalf of the Corporation as the majority shareholder in the Corporation with authority to bind the Corporation.

FROM AND AFTER THE EXECUTION OF THIS AGREEMENT, AND TO THE FULLEST EXTENT PERMITTED BY LAW, PURCHASER AGREES TO INDEMNIFY, DEFEND, AND HOLD HARMLESS SELLER AND SELLER'S DIRECTORS, SHAREHOLDERS, MEMBERS, OFFICERS, EMPLOYEES, AFFILIATES, SUCCESSORS AND ASSIGNS , FROM AND AGAINST ANY AND ALL LIABILITIES, CLAIMS, STRICT LIABILITY CLAIMS, DEMANDS, LAWSUITS, JUDGMENTS, ORDERS, FINES, PENALTIES, DAMAGES, EXPENSES (INCLUDING BUT NOT LIMITED TO REASONABLE ATTORNEYS' FEES),

746717.1

COSTS AND CAUSES OF ACTION ASSERTED BY ANY PERSON OR ENTITY FOR PERSONAL INJURY, FINANCIAL INJURY, OR DEATH, FOR COMPLIANCE WITH REGULATIONS, ORDERS, OR GUIDELINES, OR FOR LOSS OR DAMAGE TO THE PARTIES, THIRD PARTIES OR THE ENVIRONMENT (collectively, "Liabilities/Claims"), ARISING FROM OR RELATING TO THE OWNERSHIP, USE, OR OPERATION OF THE CORPROATION BY BEFORE AND/OR AFTER CLOSING, REGARDLESS OF WHETHER SUCH LIABILITIES/CLAIMS ARE CAUSED BY OR ARISE FROM SELLER'S PRE-CLOSING ORDINARY NEGLIGENCE, ACTIONS, OR OMISSIONS RELATING TO THE OPERATION, DESIGN, PHYSICAL CONDITION, OR MAINTENANCE STATUS OF THE CORPORATION.

**(g) Governing Law**

All matters arising out of or relating to this Agreement shall be governed by and construed in accordance with the internal laws of the State of California without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction). Any legal suit, action, proceeding, or dispute arising out of or related to this Agreement, the other Transaction Documents, or the transactions contemplated hereby or thereby may be instituted in the federal courts of the United States of America or the courts of the State of California in each case located in the city of Los Angeles and county of California, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, proceeding, or dispute.

**(h) Dispute Resolution**

The parties agree that any and all disputes, claims or controversies arising out of or relating to this Agreement shall be submitted for mediation, and if the matter is not resolved through mediation, then it shall be submitted, and binding arbitration as set forth below.

Either party may commence mediation by providing to the other party a written request for mediation, setting forth the subject of the dispute and the relief requested. The parties will cooperate with one another in selecting a mediator and in scheduling the mediation proceedings. Should the parties be unable to select a mediator, each party will select a mediator and the two mediators, in turn, will select a mediator for the parties. The parties agree that they will participate in the mediation in good faith and that they will share equally in its costs. All offers, promises, conduct and statements, whether oral or written, made in the course of the mediation by any of the parties, their agents, employees, experts and attorneys, and by the mediator are confidential, privileged and inadmissible for any purpose, including impeachment, in any arbitration or other proceeding involving the parties, provided that evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the mediation.

Either party may initiate arbitration with respect to the matters submitted to mediation by filing a written demand for arbitration at any time following the initial mediation session or at any time following 45 days from the date of filing the written request for mediation, whichever occurs first ("Earliest Initiation Date"). Should the parties be unable to find a mutually agreeable arbitrator, the mediator shall select one for them. All arbitration proceedings shall be in accordance with the rules of the American Arbitration Association. Any arbitration hereunder

shall take place in Los Angeles, California. The mediation may continue after the commencement of arbitration if the parties so desire.

At no time prior to the Earliest Initiation Date shall either side initiate any arbitration related to this Agreement except to pursue a provisional remedy that is authorized by law or by agreement of the parties. Notwithstanding anything to the contrary set forth herein, it is agreed and understood that monetary damages would not adequately compensate an injured party hereto for the breach of this Agreement by any other party hereto, that this Agreement shall be specifically enforceable, and that any breach or threatened breach of this Agreement shall be the proper subject of a temporary or permanent injunction or restraining order. Further, each party hereto waives any claim or defense that there is an adequate remedy at law for such breach or threatened breach. Any such request for specific enforcement may be brought in any court of competent jurisdiction in Los Angeles, California.

The dispute resolution provisions of this Agreement shall be the exclusive manner of dispute resolutions between the parties.

### (i) Legal Fees

In the event that litigation or arbitration results from or arises out of this Agreement or the performance thereof, the parties agree to reimburse the prevailing party's reasonable attorney's fees, court costs, and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled.

### (j) Bankruptcy Petition

Purchaser agrees not to file any bankruptcy petition on behalf of the Corporation within two (2) years of the execution of this Agreement.

### (k) Successors and Assigns

This Agreement shall be binding and inure to the benefit of the parties, their successors and assigns.

### (l) Counterparts

This Agreement may be signed in counterparts, with each executed counterpart, upon proof of execution of one or more counterparts by all parties, to be accepted as original.

### (m) Assignment

Except as otherwise expressly provided in this Agreement, no party may assign any rights or delegate any duties under this Agreement without the prior written consent of the other party. Any attempted assignment or delegation without the required consent shall be void.

### (n) Authority

Any entity signing this Agreement on behalf of any other entity hereby represents and warrants in

746717.1

an individual capacity that it has full authority to do so on behalf of the other entity. Any individual signing this Agreement on behalf of an entity hereby represents and warrants in his/her individual capacity that he/she has full authority
to do so on behalf of that entity.

**(o) Accumulation of Remedies**
The various rights, options, elections, powers and remedies under this Agreement or granted by law, (collectively, "Rights"), shall be construed as cumulative. No single Right is exclusive of any other Rights.

**(p) Incorporation of Exhibits and Recitals**
All exhibits and recitals referred to in this Agreement are an integral part of this Agreement. They are incorporated in this Agreement by this reference as though at this point set forth in full.

**(q) No Third-Party Rights**
The parties do not intend the benefits of this Agreement to inure to any person or entity not a party to this Agreement. Notwithstanding anything contained in this Agreement, or any conduct or course of conduct by either party before or after signing this Agreement, this Agreement shall not be construed as creating any right, claim or cause of action against either party by any person or entity not a party to this Agreement.

**(r) Review and Explanation by Legal Counsel**
The parties acknowledge, covenant and agree that they have carefully and completely read this entire Agreement; that each has had the opportunity to have all of the provisions of this Agreement explained to him/her by legal counsel; that each party fully and completely understands, accepts and is satisfied with the terms and conditions of this Agreement; and, that each acknowledges that they have reached this Agreement only after careful, extended and deliberate thought and consideration. The parties also acknowledge and agree that this Agreement is made and entered into freely and voluntarily, free from any duress, coercion, menace, fraud or undue influence of any kind, character or nature upon the part of the other party and that it will be legally binding when signed by both parties.

IN WITNESS WHEREOF, this Agreement has been executed by each of the individual parties hereto on the date first above written.

SELLER:

By: _____   Date: 6/10/21
Arash Avante Bayrooti

PURCHASER:

By: _____   Date: 6/10/2021
Tony M. Diab

746717.1

746717.1

CIVIL CODE § 1189

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __ORANGE__ }

On ___06/10/2021___ before me, __ATISH HARIVADANBHAI PATEL, NOTARY PUBLIC__,
       Date                                              Here Insert Name and Title of the Officer

personally appeared __ARASH ASANTE BOYPCOU AND__
__TONY M. DIAB__
                                     Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Seal: ATISH HARIVADANBHAI PATEL, Notary Public - California, Orange County, Commission # 2327183, My Comm. Expires May 10, 2024]

Signature __A.H. Patel__
                Signature of Notary Public

*Place Notary Seal and/or Stamp Above*

—————— OPTIONAL ——————
*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __STOCK PURCHASE AGREEMENT__
Document Date: __06/10/2021__ Number of Pages: __9/9__
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual     ☐ Attorney in Fact
☐ Trustee     ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual     ☐ Attorney in Fact
☐ Trustee     ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

©2017 National Notary Association